**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| ALBERT W. CALLWOOD and MARIA DE ) <br> LOS A. CALLWOOD,                           ) <br>                                         ) <br>                 Plaintiffs,             ) <br>                                         ) <br>        v.                               ) <br>                                         ) <br> GOVERNMENT OF THE VIRGIN                 ) <br> ISLANDS, GOVERNOR KENNETH MAPP,          ) <br> DARRYL SMALLS PUBLIC WORKS               ) <br> COMMISSIONER, ISLAND ROADS               ) <br> CORPORATION                             ) <br>                                         ) <br>                 Defendants.             ) | Civil No. 2014-08 |

ATTORNEYS:

**Albert W. Callwood**
     *Pro se plaintiff,*

**Maria De Los A. Callwood**
     *Pro se plaintiff.*

**Carol Thomas-Jacobs**
Office of the Attorney General
St. Thomas, USVI
     *For the defendants,*

<u>ORDER[1]</u>

Before the Court is the government's motion to dismiss the complaint of Albert W. Callwood and Maria De Los A. Callwood for

---

[1] Kenneth Mapp became Governor of the Virgin Islands in January, 2015. Pursuant to Federal Rule of Civil Procedure 25, the caption has been changed to reflect the change in governors.

*Callwood v. Gov. of V.I.*
Civ. No. 14-08
Page 2

a lack of subject matter jurisdiction and failure to state a

claim upon which relief can be granted.[2]

Albert Callwood and Maria De Los Angeles Callwood (the

"Callwoods") own two pieces of property, lots 6A-18 and 6A-19,

Estate Lilliendahl and Marienhoj, No. 3, Little Northside

Quarter, St. Thomas, USVI (the "property").  On August 2, 2007,

the government filed a condemnation action in the Superior Court

of the United States Virgin Islands to obtain fee simple

interest or a temporary easement over portions of the Callwoods'

property.  The government planned to build a temporary access

road on a portion of the Callwoods' property.  On August 28,

2007, the Superior Court entered an order vesting title in the

property to the government.

On January 23, 2008, and February 5, 2008, the Callwoods

filed objections to the condemnation.  The Callwoods asked the

Superior Court to dismiss the condemnation case.  On

September 25, 2009, the Superior Court held a hearing on the

Callwoods' motion.  The Callwoods refused to attend the

September 25, 2009, hearing.  On December 17, 2010, the Superior

Court entered an order granting the government an easement

---

[2] When determining whether to grant a motion to dismiss, the Court will only examine the complaint and court documents from other proceedings relevant to the current controversy. *See Ressler v. Geisenberger*, 597 Fed. App'x 131, 138 n.8 (3d Cir. 2015)("In addition to the allegations in the complaint, a court may properly examine public records, including judicial proceedings such as another court's opinion.")(internal quotations and citations omitted).

*Callwood v. Gov. of V.I.*
Civ. No. 14-08
Page 3

rather than the previously ordered fee simple interest in the property.  The Superior Court further held that $25,000 was adequate compensation to the Callwoods.  The order creating the easement stated that the easement would last for three years from the start of construction on the property.

On January 24, 2014, the Callwoods brought suit in this Court.  The Callwoods seek an injunction against the construction project and damages.

This is not the first suit the Callwoods have brought in this Court attempting to prevent the condemnation action.  *See Callwood v. Government of the Virgin Islands*, Case No. 08-119, 2014 WL 7450083 (D.V.I. Dec. 31, 2014)(an August 21, 2008 claim for the same alleged injuries)[3].  As this Court previously informed the parties in its February 4, 2011, order closing a related case:

> The Virgin Islands eminent domain statutes provide a complete and exclusive procedure to govern all condemnations for public purposes in the territory.  These statutory procedures protect the rights of property owners and guarantee the constitutional safeguards to which owners are entitled.

---

[3] This Court has previously instructed the Clerk of Court not to accept any action, motion, or pleading dealing with the issues addressed in this order. *See Callwood*, 2014 WL 7450083 at *2.  The Court will not determine whether Callwood is in contempt of Court.  The Court does advise Callwood to heed that order so that this Court need not make such a determination.

*Callwood v. Gov. of V.I.*
Civ. No. 14-08
Page 4

*Callwood v. Government of the Virgin Islands*, Case No. 07-104

(D.V.I. Feb. 4, 2011)(citing V.I. CODE ANN. TIT. 28, §§ 411-422

while closing an August 8, 2007 claim for the same alleged

injuries).  In that case, the Callwoods failed to state a claim

because they should have brought their claim in the Superior

Court.  Here, the Callwoods similarly failed to state a claim

because they should have brought their claim in the Superior

Court.

The premises considered, it is hereby

**ORDERED** that the government's motion to dismiss is **GRANTED;**

it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____

**Curtis V. Gómez**
**District Judge**